See, also, Salter v. State, 36 Tex.Cr.R. 501, 38 S.W. 212; McDaniel v. State, 63 Tex.Cr.R. 260, 140 S.W. 232.

 We have examined the instrument denominated as a lease and reached the conclusion that it is a contract which created and established a copartnership or joint interest in appellant and W. W. Bryant, in and to the minerals under said land; that under its terms the appellant was to drill a well on the land to be completed on or about June 20, 1937; that the appellant was to receive one-half of the gross production of said well and W. W. Bryant the other half; Bryant to make his own arrangements with the Magnolia Petroleum Company for con-

nections with their pipe line. It was further agreed and stipulated that, in the event the well should fail, the appellant should, at the election of Bryant, convey one of the producing wells on a 130-acre tract and release Bryant from any obligations for labor and material incurred as a result of drilling the well.

This instrument was offered in evidence by the State. It seems to us that it is insufficient to establish a lease contract by which the alleged swindle is said to have been perpetrated.

We conclude, therefore, that the court erred in declining to sustain appellant's motion to quash the indictment.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## SMITH v. STATE.

No. 19446.

Court of Criminal Appeals of Texas.

March 23, 1938.

F. A. Dale, of Bonham, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for theft of cattle; punishment is assessed at confinement in the State Penitentiary for a term of two years.

The record shows that the grand jury of Fannin county returned two indictments against appellant, one for theft and one for burglary. After the commission of the offenses with which he was charged, appellant fled. His whereabouts was unknown either to his people or to the officers. One of the sheriff's deputies promised appellant's mother that, if she would get in touch with him and get him to return, he would see to it that he got a suspended sentence. The mother advised appellant of the promise and, upon the strength thereof, he returned and made a confession to the officers. At his trial, both for theft of cattle and burglary, he waived a jury and entered a plea of guilty. The court, in addition to his plea, heard evidence and, upon a conclusion thereof, convicted him in each case of the offense charged and assessed his punishment at two years in each instance.

After his conviction, appellant secured the services of another attorney, who filed a motion for a new trial based on two propositions: (1) That his confession was not admissible against him because he was induced to make the same and enter a plea of guilty by reason of the deputy sheriff's promise as above set out, and (2) because the State failed to comply with its agreement to suspend his sentence.

There is no statement of facts in the record showing the testimony adduced upon the trial of the case, but if appellant made a confession to the officers under the promise mentioned, it was incumbent upon him to object to its admission when it was introduced in evidence. In the absence of such an objection, this court is powerless to grant him any relief. According to the statement of facts in the burglary case, he testified and admitted his guilt.

With reference to his second proposition, we deem it sufficient to say that neither the trial court nor the State's attorney could carry out the promise of the deputy sheriff, if any was made, no matter how much they might have wished to do so. Appellant had two cases pending against him and pleaded guilty in both. Consequently, under the law, he was not entitled to a suspension of sentence.

However, the State should, where no legal impediment stands in its way, faithfully execute every promise made to a prisoner which induces him to disclose material facts leading to his conviction.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.